UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

In re:
NICOLE ANDREA CANIZARES,
Debtor

Chapter 7
Case No. 23-40728

MOTION OF KRYSTYNA OSOWSKA FOR RELIEF FROM STAY AND
REQUEST FOR EMERGENCY AND/OR EXPEDITED HEARING

KRYSTYNA OSOWSKA, through her counsel, hereby moves the Court, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), and Massachusetts Local Bankruptcy Rules 4001-1, 9013-1, and 9013-3, for relief from the automatic stay to permit Krystyna Osowska the commencement and/or continuation of an eviction proceeding in a State Court against the Debtor, Nicole Andrea Canizares (the "Debtor") of which an eviction proceeding she was a part of as an occupant of her mother's residence. Her mother, Wanda K. Herrera, is the Debtor in the Chapter 7 Bankruptcy Case #23-40392.

In support of its Motion, Krystyna Osowska (the "Movant") states as follows:

1. On May 17, 2023, the mother of the Debtor, Wanda K. Herrera filed a voluntary petition for relief under Chapter 7 (Case # 23-40392).
2. In Ms. Herrera's bankruptcy case this Court, after Notice and Hearing, granted Movant's Motion for Relief from Stay Re: 14 Pinewood Lane, Worcester MA on July 20, 2023.
3. Following the entry of the Proceeding Memorandum and Order dated July 20, 2023, in Ms. Herrera's Case # 23-40392, Nicole Andrea Canizares filed her Chapter 7 bankruptcy petition, case # 23-40627 on August 1, 2023.
4. On August 4, 2023, the case # 23-40627 was dismissed for failure to timely file matrix.
5. After the dismissal of the bankruptcy case # 23-40627 the movant followed the Housing Court procedure and on September 7, 2023, arranged for physical removal of inhabitants of 14 Pinewood Lane, Worcester MA. Approximately 40 minutes before the arrival of constable and police department to the location the Debtor has filed an instant case #23-40728.
6. Therefore, the instant case is the second Chapter 7 bankruptcy case filed since August 1, 2023,

by the Debtor. In light of the fact that Debtor's previous bankruptcy case #23-40627 was dismissed for failure to file matrix there is a strong indication that this case was filed in bad faith with the sole purpose of hindering and delaying the eviction.

7. In light of this the movant requests an emergency and/or expedited determination of her motion for relief.

8. The Debtor resides at the property located at 14 Pinewood Lane, Worcester, MA 01609 (the "Property").

9. In conjunction with the previous bankruptcy filing, case # 23-40627, Nicole Andrea Canizares filed Official Form 101(b) stating under penalty of perjury that she had a right to stay on the property by paying the landlord the "entire amount."

10. This statement was blatantly false.

11. In conjunction with the instant bankruptcy case # 23-40728, the Debtor altered the statement on official forms 101A and 101B by crossing out the statement striking part of the language concerning payment of the delinquent amount.

12. The Debtor, Nicole Andrea Canizares, is the daughter of Wanda K. Herrera, the former owner of the Property, and has never been in a lease or rental relationship with Movant.

13. The Movant is the owner of the Property as set forth below.

14. The Movant's predecessor in title is the U.S. Bank National Association (hereinafter "U.S. Bank"). U.S. Bank was the owner of the Property by virtue of a Foreclosure Deed dated September 3, 2019 and recorded with the Worcester District Registry of Deeds at Book 60993 Page 220 on September 4, 2019. A true and accurate copy of the Foreclosure Deed is attached hereto as **Exhibit A**. U.S. Bank foreclosed on the Wanda K. Herrera's first mortgage loan on the Property on August 19, 2019, and was the highest bidder at the foreclosure sale, thereby taking title to the Property via the Foreclosure Deed.

15. Subsequently, on or about October 17, 2019, U.S. Bank transferred the Property to Krystyna Osowska via Quit Claim Deed dated October 17, 2019, recorded with the Worcester District

Registry of Deeds at Book 61428, Page 242 on November 15, 2019. A true and accurate copy of the Quit Claim Deed is attached hereto as **Exhibit B**.

16. The Debtor and Wanda K. Herrera no longer have any ownership or other interest in the Property and the Property is not a part of the bankruptcy estate. See, e.g., In re Massachusetts Automatic Transmissions, Inc., 35 B.R. 328, 330 (Bankr. D. Mass. 1983) ("Under Massachusetts law, the debtor would have no interest in the property after a foreclosure sale."); In re Sullivan, 551 B.R. 868, 868 (Bankr. D. Mass. 2016) ("[F]oreclosure … removes real property from the bankruptcy estate so that the automatic stay would not apply to actions with respect to such property").

17. Krystyna Osowska now seeks relief from the automatic stay in order to commence and/or continue eviction proceedings against the Debtor, to obtain possession of the Property, and to remove the Debtor's personal property. Because the Property is not an asset of the Debtor nor an asset of the Debtor's estate, Krystyna Osowska is entitled to the requested relief from stay pursuant to 11 U.S.C. § 362(d)(1) for cause, and pursuant to 11 U.S.C. § 362(d)(2) due to Debtor's lack of equity in the Property.

## ARGUMENTS AND AUTHORITIES

18. Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay for cause, including lack of adequate protection. In this case, cause exists to allow the Movant to continue to seek eviction in the Housing Court and to physically evict Debtor by legal means. The Debtor has no ownership interest in the Property, as evidenced by the Foreclosure Deed. The Movant, as the owner of the Property, is entitled to possession thereof in accordance with Massachusetts law.

19. Under 11 U.S.C. § 362(d)(2), the Court shall grant relief from the automatic stay if the debtor does not have any equity in the subject property and if the property is not necessary to an effective reorganization. As set forth above, because the U.S. Bank foreclosed, the Debtor lacks

any equity in the Property. Further, the Property is not necessary to an effective reorganization because it is not an asset of the estate; it belongs to Krystyna Osowska by virtue of the Deed dated October 17, 2019, from the U.S. Bank to the Movant.

20. On or about May 1, 2023, Worcester Housing Court issued an Execution attached as **Exhibit C**.
21. On or about May 17, 2023, Worcester Housing Court issued an Order on Request to Stay the Levy. A true and accurate copy is attached as **Exhibit D**.
22. Krystyna Osowska submits herewith a proposed order granting it relief from the automatic stay.

WHEREFORE, Krystyna Osowska prays that this Court: (1) grants it relief from the automatic stay to secure possession of the Property, and otherwise take any action necessary or appropriate to pursue its rights under Massachusetts law; (2) waive the fourteen-day stay following the allowance of the motion; and (3) enter such other and further relief as the Court deems just and appropriate.

KRYSTYNA OSOWSKA
by and through her counsel:

*/s/ Vladimir von Timroth*

Vladimir von Timroth, Esq., BBO #643553
VON TIMROTH P.A.
100 June Street
Worcester, MA 01602
Tel. 508-753-2006
Fax 774-221-9146
vontimroth@gmail.com

DATED: September 7, 2023

CERTIFICATE OF SERVICE

I, Vladimir von Timroth, do hereby certify that I will, upon receipt of the notice of electronic service, serve a copy of the within document by mailing the same to any of the parties below who are not deemed to have consented to electronic notice or service under EFR 9.

*/s/ Vladimir von Timroth*

Vladimir von Timroth, Esq., BBO #643553
vontimroth@gmail.com

DATED: September 7, 2023

Nicole Andrea Canizares
14 Pinewood Ln
Worcester, MA 01609

Wanda K. Herrera
14 Pinewood Lane
Worcester, MA 01609

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

Joseph H. Baldiga
Mirick, O'Connell, DeMallie & Lougee
1800 West Park Drive
Suite 400
Westborough, MA 01581-3926

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio, P.C.
1350 Main Street
Suite 1505
Springfield, MA 01103

Krystyna Osowska
70 Vincent Circle
Worcester, MA 01604

EXHIBIT A

MASSACHUSETTS EXCISE TAX
Worcester District ROD #20 001
Date: 09/04/2019 10:42 AM
Ctrl# 200480 29574 Doc# 00090076
Fee: $1,197.00 Cons: $262,400.00

2019 00090076
Bk: 60993 Pg: 220
Page: 1 of 3 09/04/2019 10:42 AM WD

# FORECLOSURE DEED

U.S. Bank National Association, with an address of 4801 Frederica Street, Owensboro, KY 42301, the present holder of a Mortgage from Wanda Karina Herrera aka Wanda K. Herrera to Mortgage Electronic Registration Systems, Inc., as nominee for The Bank of Canton, its successors and assigns dated June 17, 2010 ("Mortgage") and recorded with the Worcester County (Worcester District) Registry of Deeds at Book 45923, Page 362, as affected by a Loan Modification recorded on September 30, 2016 in Said Registry of Deeds at Book 56062, Page 320 by the power conferred by said mortgage and by every other power, for TWO HUNDRED SIXTY-TWO THOUSAND FOUR HUNDRED DOLLARS AND 00/100 ($262,400.00) paid, grants to U.S. Bank National Association, with an address of 4801 Frederica Street, Owensboro, KY 42301, the premises conveyed by said mortgage.

Executed as a sealed instrument this 3rd day of September, 2019.

RE: 14 Pinewood Lane, Worcester, MA 01609

See Power of Attorney recorded herewith

U.S. Bank National Association
By Orlans PC, Its Attorney in-Fact

For signatory authority, see Delegation of Authority and Appointment recorded with the Worcester County (Worcester District) Registry of Deeds at Book 60046 Page 95

By: [signature]
Abigail Chmielecki, Esq.,
Employee, Authorized Signatory,
Real Property of Orlans PC

*COMMONWEALTH OF MASSACHUSETTS*

MIDDLESEX, SS

On this 3rd day of September, 2019, before me, the undersigned Notary Public, personally appeared, Abigail Chmielecki, Esq., Employee, Authorized Signatory, Real Property, of Orlans PC, as Attorney-in-fact for U.S. Bank National Association, who is either personally known to me, or proved to me through satisfactory evidence of identification, to be the person who signed the preceding or attached document, and acknowledged to me that he/she executed the same for its stated purpose as the free act and deed of U.S. Bank National Association.

Shannon Marie Brennan, Notary Public
My Commission Expires: 2/13/20

SHANNON MARIE BRENNAN
MY COMMISSION EXPIRES FEBRUARY 13, 2020
NOTARY PUBLIC COMMONWEALTH OF MASSACHUSETTS

RE: 14 Pinewood Lane, Worcester, MA 01609

# Affidavit of Sale

I, Abigail Chmielecki, Esq., Employee, Authorized Signatory, Real Property of Orlans PC, as attorney for U.S. Bank National Association ("Lender") named in the foregoing deed, make oath and say that the principal, interest and other obligations mentioned in mortgage from above referred to were not paid or tendered or performed when due or prior to the sale, and that this office caused to be published on the 12th day of February, 2019, on the 19th day of February, 2019 and on the 26th day of February, 2019, in the Worcester (Telegram and Gazette), a newspaper with general circulation in Worcester, a copy of which is attached hereto as Exhibit A.

This office has complied with Chapter 244, Section 14 of Massachusetts General Laws, as amended, by mailing the required notices by certified mail, return receipt requested.

This office has complied with Chapter 209, Section 18.21A of Code of Massachusetts Regulations, as amended, by mailing the required certification and supporting documentation by certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed the sale was postponed by public proclamation upon the mortgaged premises to April 4, 2019 at 11:00 AM and thereupon, the sale was postponed by public proclamation upon the mortgaged premises to May 6, 2019 at 11:00 AM and thereupon, the sale was postponed by public proclamation upon the mortgaged premises to June 5, 2019 at 11:00 AM and thereupon, the sale was postponed by public proclamation upon the mortgaged premises to July 5, 2019 at 11:00 AM and thereupon, the sale was postponed by public proclamation upon the mortgaged premises to August 19, 2019 at 11:00 AM and thereupon, the Lender sold the mortgaged premises at public auction by Gina Moy, a licensed auctioneer, of Towne Auction Company LLC, to the highest bidder U.S. Bank National Association, with an address of 4801 Frederica Street, Owensboro, KY 42301, for the sum of TWO HUNDRED SIXTY-TWO THOUSAND FOUR HUNDRED DOLLARS AND 00/100 ($262,400.00) paid, being the highest bid made therefor at said auction.

See Power of Attorney recorded herewith

For signatory authority, see Delegation of Authority and Appointment recorded with the Worcester County (Worcester District) County Registry of Deeds at Book 60046 Page 95

[signature]
Abigail Chmielecki, Esq., Employee, Authorized Signatory, Real Property of Orlans PC

*COMMONWEALTH OF MASSACHUSETTS*

MIDDLESEX, SS

On this 3rd day of September, 2019, before me, the undersigned Notary Public, personally appeared, Abigail Chmielecki, Esq., Employee, Authorized Signatory, Real Property of Orlans PC, proved to me through satisfactory evidence of identification, which was personal knowledge, to be the person whose name is signed on

RE: 14 Pinewood Lane, Worcester, MA 01609

# EXHIBIT "A"

## ATTACHED TO AND FORMING A PART OF THE FORECLOSURE DEED FOR PROPERTY AT 14 PINEWOOD LANE, WORCESTER, MA 01609

### MORTGAGEE'S NOTICE OF SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain Mortgage given by Wanda Karina Herrera aka Wanda K. Herrera to Mortgage Electronic Registration Systems, Inc., as nominee for The Bank of Canton, its successors and assigns, dated June 17, 2010 and recorded with the Worcester County (Worcester District) Registry of Deeds at Book 45923, Page 362 as affected by a Loan Modification recorded on September 30, 2016 in Said Registry of Deeds at Book 56062, Page 320, subsequently assigned to U.S. Bank National Association by Mortgage Electronic Registration Systems, Inc., as nominee for The Bank of Canton, its successors and assigns by assignment recorded in said Worcester County (Worcester District) Registry of Deeds at Book 52073, Page 260 for breach of the conditions of said Mortgage and for the purpose of foreclosing same will be sold at Public Auction at 11:00 AM on March 5, 2019 at 14 Pinewood Lane, Worcester, MA, all and singular the premises described in said Mortgage, to wit:

The land in Worcester, Worcester County, Massachusetts, situated on the easterly side of Pinewood Lane, and being shown as Lot 102 on a plan of land entitled "The Villages of Moreland Green," recorded at Worcester District Registry of Deeds Plan Book 584, Plan 9 beginning at a point on the easterly side of Pinewood Lane at the southerly corner of the lot herein described, thence running, NORTH 59° 07' 30" East a distance of 137.46 feet to a corner, thence turning and running NORTH 33° 58' 25" West a distance of 142 feet to Pinewood Lane, thence running by Pinewood Lane by a curve having a radius of 143.49 feet a distance of 131.28 feet, thence continuing by Pinewood Lane SOUTH 2° 16' 40" East a distance of 20.13 feet, thence continuing by Pinewood Lane, by a curve having a radius of 145.72 feet a distance of 54 feet to the point of beginning. Containing in all 13,797 square feet, more or less. For title see deed recorded herewith.

The premises are to be sold subject to and with the benefit of all easements, restrictions, encroachments, building and zoning laws, liens, unpaid taxes, tax titles, water bills, municipal liens and assessments, rights of tenants and parties in possession, and attorney's fees and costs.

TERMS OF SALE:
A deposit of FIVE THOUSAND DOLLARS AND 00 CENTS ($5,000.00) in the form of a certified check, bank treasurer's check or money order will be required to be delivered at or before the time the bid is offered. The successful bidder will be required to execute a Foreclosure Sale Agreement immediately after the close of the bidding. The balance of the purchase price shall be paid within thirty (30) days from the sale date in the form of a certified check, bank treasurer's check or other check satisfactory to Mortgagee's attorney. The Mortgagee reserves the right to bid at the sale, to reject any and all bids, to continue the sale and to amend the terms of the sale by written or oral announcement made before or during the foreclosure sale. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney. The description of the premises contained in said mortgage shall control in the event of an error in this publication. **TIME WILL BE OF THE ESSENCE.**

Other terms, if any, to be announced at the sale.
U.S. Bank National Association

Present Holder of said Mortgage,
By its Attorneys,
ORLANS PC
PO Box 540540
Waltham, MA 02454
Phone: (781) 790-7800
17-010753

Febuary 12, 19, 26, 2019

# Worcester South District Registry of Deeds
# Electronically Recorded Document

This is the first page of the document – Do not remove

---

## Recording Information

| | |
|---|---|
| Document Number | : 123179 |
| Document Type | : DEED |
| Recorded Date | : November 15, 2019 |
| Recorded Time | : 02:43:34 PM |
| Recorded Book and Page | : 61428 / 242 |
| Number of Pages(including cover sheet) | : 3 |
| Receipt Number | : 1186285 |
| Recording Fee (including excise) | : $1,260.44 |

*************************************************
MASSACHUSETTS EXCISE TAX
Worcester District ROD #20 001
Date: 11/15/2019 02:43 PM
Ctrl# 203455 10098 Doc# 00123179
Fee: $1,135.44 Cons: $248,600.00
*************************************************

Worcester South District Registry of Deeds
Kathryn A. Toomey, Register
90 Front St
Worcester, MA 01608
(508) 798-7717

Total Number of Pages: 2
**14 PINEWOOD LN**
**WORCESTER, MA 01609**

Please Return To:
SOLIDIFI
88 SILVA LANE STE 210
MIDDLETOWN, RI 02842

---

# QUITCLAIM DEED

Grantor, **U.S. BANK, NATIONAL ASSOCIATION**, whose mailing address is 9380 EXCELSIOR BLVD, HOPKINS, MN 55343, for consideration paid of **$248,600.00**, grants to Grantee, **KRYSTYNA OSOWSKA**, whose address is 70 VINCENT CIR., WORCESTER, MA 01604, with quitclaim covenants, the following described parcel of land, and the improvements and appurtenances thereto in the County of **WORCESTER**, Commonwealth of Massachusetts to wit:

**Commonly Known As:** **14 PINEWOOD LN, WORCESTER, MA 01609**
**Parcel No.:** **54/ 005/ 00102/ /**
**Legal Description:**

**THE LAND IN WORCESTER, WORCESTER COUNTY, MASSACHUSETTS, SITUATED ON THE EASTERLY SIDE OF PINEWOOD LANE, AND BEING SHOWN AS LOT 102 ON A PLAN OF LAND ENTITLED "THE VILLAGES OF MORELAND GREEN," RECORDED AT WORCESTER DISTRICT REGISTRY OF DEEDS PLAN BOOK 584, PLAN 9 BEGINNING AT A POINT ON THE EASTERLY SIDE OF PINEWOOD LANE AT THE SOUTHERLY CORNER OF THE LOT HEREIN DESCRIBED, THENCE RUNNING,**

**NORTH 59° 07' 30" EAST A DISTANCE OF 137.46 FEET TO A CORNER, THENCE TURNING AND RUNNING**

**NORTH 33° 58' 25" WEST A DISTANCE OF 142 FEET TO PINEWOOD LANE, THENCE RUNNING BY PINEWOOD LANE BY A CURVE HAVING A RADIUS OF 143.49 FEET A DISTANCE OF 131.28 FEET, THENCE CONTINUING BY PINEWOOD LANE.**

**SOUTH 2° 16' 40" EAST A DISTANCE OF 20.13 FEET, THENCE CONTINUING BY PINEWOOD LANE, BY A CURVE HAVING A RADIUS OF 145.72 FEET A DISTANCE OF 54 FEET TO THE POINT OF BEGINNING.**

**CONTAINING IN ALL 13,797 SQUARE FEET, MORE OR LESS.**

THIS BEING THE SAME PROPERTY CONVEYED TO U.S. BANK NATIONAL ASSOCIATION FROM U.S. BANK NATIONAL ASSOCIATION BY ORLANS PC, ITS ATTORNEY IN-FACT IN DEED DATED SEPTEMBER 3, 2019 AND RECORDED SEPTEMBER 4, 2019 IN BK 60993 AND PG 220 AND AS INSTRUMENT NO. 201900090076.

This conveyance is in the ordinary course of business and does not constitute a transfer of all or substantially all of the assets of **U.S. BANK NATIONAL ASSOCIATION**, in the Commonwealth of Massachusetts.

**14 PINEWOOD LN, WORCESTER, MA 01609**

**IN WITNESS WHEREOF**, the said Grantor has signed and sealed these presents on October 17th, 2019

U.S. BANK, NATIONAL ASSOCIATION

Name: Jane F. Byrkit

Title: Officer

State of Minnesota
County of Hennepin

On this 17th day of October, 2019, before me, the undersigned notary, personally appeared Jane F. Byrkit, as the Officer of U.S. BANK, NATIONAL ASSOCIATION, and proved to me through satisfactory evidence of identification, which was that the individual is known for a period of time to establish beyond doubt that the individual has the identity claim, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose, as the free act and deed of the grantor herein.

MICHAEL WAYNE ROCK
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2023
[SEAL]

Notary Public
My Commission expires: Jan. 31st, 2023

PREPARED BY:
LAW OFFICES OF SUZAN A. MESSINA
CHRISTOPHER J. CARREIRA, ATTORNEY AT LAW
O/B/O BC LAW FIRM, P.A.
50 NASHUA ROAD, SUITE 213
LONDONDERRY, NH 03053

EXHIBIT C

| EXECUTION FOR POSSESSION AND MONEY JUDGMENT | DOCKET NUMBER 21H85SP003296 | Trial Court of Massachusetts Housing Court Department |
|---|---|---|

CASE NAME: Krystyna Osowska vs. Wanda Karina Herrera et al

| JUDGMENT- DEBTOR(S) AGAINST WHOM EXECUTION IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| Wanda Karina Herrera<br>All Other Occupants | Central Housing Court<br>225 Main Street<br>Worcester, MA 01608 |
| **JUDGMENT- CREDITOR(S) (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION** | **JUDGMENT- CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED** |
| Justin Raphaelson, Esq.<br>Raphaelson And Raphaelson<br>11 Foster St<br>Unit 308<br>Worcester, MA 01608 | Krystyna Osowska |
| **PREMISES ADDRESS:**<br>14 Pinewood Lane Worcester MA 01609 | **FURTHER ORDERS OF THE COURT:** |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**
The Judgment- Creditor(s) named above has/have recovered Judgment and Possession of the subject premises shown above, which were leased or rented for dwelling purposes against the Judgment-Debtor(s) named above on

**MONEY JUDGMENT: WE COMMAND YOU**, therefore, to collect the below sum, with your fees, of the money of said Judgment-Debtor(s), his or her goods, chattels, lands or tenements, in any manner permitted by law, and to return this writ satisfied or unsatisfied, to the clerk of this Court, all within **twenty years** from the "Date Judgment Entered", or within ten days after this writ has been satisfied or discharged.

**POSSESSION JUDGMENT: WE COMMAND YOU,** therefore, to deliver said premises to the Judgment-Creditor(s) in accordance with the requirements of G.L. c. 235, § 23 and G.L. c. 239, § 3, to cause the Judgment-Creditor(s) to have possession of the premises shown above without delay.

This Writ of Execution is valid until 07/30/2023 for **possession only.** This form must be returned to the Clerk-Magistrate's office of this court, along with your return of service, within ten days after this judgment for possession has been satisfied or discharged, or after 07/30/2023 if this judgment remains unsatisfied or undischarged.

**NOTICE TO OFFICER:** This Writ of Execution for possession is valid until 07/30/2023.

| | |
|---|---|
| 1. Date Judgment Entered | 01/12/2023 |
| 2. Compensatory Damages | $ |
| 3. Punitive Damages | $ |
| 4. Attorney Fees (*if any*) | $ |
| 5. Prejudgment Interest | |
| 6. Court Costs | $211.54 |
| 7. Judgment Total | $211.54 |
| 8. Postjudgment Interest | $ |
| 9. **EXECUTION TOTAL** *( Lines 2 + 5 + 6 + 8, plus Line 3 & Line 4, if any)* | $211.54 |

**RETURN OF SERVICE:** ☐ Satisfied as to **BOTH** ☐ Satisfied as to **Money Judgment ONLY** ☐ Satisfied as to **Possession ONLY**

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE / ASST. CLERK |
|---|---|---|
| **WITNESS: Hon. Sergio E Carvajal** | **05/01/2023** | X Nicholas W. Moudios |

Date/Time Printed: 05-01-2023 10:01:39

HC027: 5/2019

EXHIBIT D

**COMMONWEALTH OF MASSACHUSETTS**
TRIAL COURT

Worcester, SS

HOUSING COURT DEPARTMENT
CENTRAL DIVISION- WORCESTER SESSION
DOCKET NO.: 21H85SP003296

KRYSTYNA OSOWSKA
**Plaintiff**

v.

WANDA KARINA HERRERA
**Defendant**

**ORDER ON REQUEST TO STAY THE LEVY**

On May 17, 2023, a hearing occurred on the defendant's request to stay the levy scheduled to occur, today, May 17th at 9:00 am. Both parties appeared and following a hearing on the merits the request is **ALLOWED** as follows:

The defendant argues that the court must grant a stay alleging the plaintiff's constable's levy on the execution is not in compliance with G.L. c. 239 § 4, in so far as the chosen warehouse does not comply with the statutory requirements. Under § 4, "Any public warehouser who accepts property for storage pursuant to this section: (1) shall be licensed and bonded pursuant to section 1 of chapter 105." Supra. The defendant alleges[1] the warehouse, SouthCoast Moving & Storage obtained its license fraudulently, does not comply with the bonding requirements and does not comply with the statute after taking possession of a tenant's belongings[2]. Further, the defendant argues that under law, she allowed to cause her belongings

[1] In support of her motion the defendant provided extensive unadmissible evidence, which include affidavit from individuals not a party to this action.

[2] (f) The defendant may access his stored property once, without charge or payment of storage fees, either to inspect the property or to remove items having primarily personal or sentimental value, or both. Items having primarily personal or sentimental value, shall include but not be limited to photographs, passports, documents, funeral urns, and the like. All personal property stored under this section may be reclaimed at any time upon payment of all storage fees lawfully owed by the defendant. If the property is sold at auction, the defendant shall be entitled to

to be stored at another location of her choosing, and has chosen an althernative location which she represents is a properly licensed, bonded warehouse. Supra[3]. The defendant claims she was unable to inform the constable before the levy because the constable refused to speak or contact her until the date of the levy. The plaintiff opposes the request arguing the constable and the chosen warehouse comply with the applicable legal requirements. However, plaintiff's counsel agrees that the defendant has a right under law to direct her belongings to be stored at an alternative warehouse. Supra Without finding whether the warehouse chosen by the constable complies with § 4 and wherein it is a constable's duty to identify a qualified warehouse (G.L. c. 239 §§ 3, 4), I order the following:

**ORDER**

1. The constable may not cause the tenant's belongings to be stored in a warehouse that is not in compliance with § 4 of G.L. c. 239, following the levy on the execution.
2. If requested, the constable shall relocate the defendant's belongings to an altnative licensed warehouse so long as it is within 20 miles from the premises that is the subject of this eviction.
3. If the tenant's items are placed in a warehouse, not in compliance with §4 the Court may order the items to be relocated to another warehouse that is compliant with § 4 at the plaintiff's expense, unless the items were stored at an alternate location of the defendant's choosing. Nothing herein shall bar or prohibit the tenant from seeking other remedies at law as allowed for in violation of G.L. c. 239 § 3, 4.

---

purchase the property in bloc or in parcels, regardless of the terms of the public sale. The failure of any third party to pay monies owed by him to the warehouser shall not affect the rights of the property owner to reclaim property under this subsection. G.L. c. 239 § 4.

[3] Such property shall be stored with the licensed public warehouser identified in the notice provided to the defendant pursuant to section 3, except that the officer shall store the property with a warehouser or other storage facility of the defendant's choosing if the defendant notifies the officer of his choice in writing at or before the time of removal of the property. G.L. c. 239 § 4.

4. The defendant has other remedies at law concerning the warehouse's acceptance and handling of the tenant's belongings.

**SO ORDERED**
*<u>/s/ Alex Mitchell-Munevar</u>*
Associate Justice
Date: 5/17/2023